HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA NEU,

              Plaintiff,

     v.

SPORTSSTUFF, INC., and ONLINE MARINE, LLC.,

              Defendants.

Case No.C07-5075 RBL

ORDER GRANTING ENTRY OF DEFAULT; DENYING ENTRY OF DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default and Entry of Default Judgment [Dkt. #25].

## I.  ENTRY OF DEFAULT

Ms. Neu claims that Defendant Online Marine, LLC sold her a defective product, the "Wego Kite Tube," and that this product caused her injury. Ms. Neu requests that the clerk enter default judgment in the amount of $347,269.92, under Rule 55(b)(1), because Online Marine was properly served with summons and complaint and has failed to respond within the requisite time.

The court clerk must enter default if a party fails to plead or otherwise defend against suit and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a).

Ms. Neu is entitled to entry of default against Defendant Online Marine because the Defendant has filed no response. Plaintiff shows this failure by affidavit, confirming service of an Amended Summons and Complaint [Dkt. #13] on Defendant on November 7, 2007. (Pl.'s Aff. In Supp. of Mot. Entry of Default,

Ex. 1). On May 5, 2008, still lacking a response, Ms. Neu sent a letter to the owner of Online Marine, Rodney Jordan. (Pl.'s Aff. In Supp. of Mot. Entry of Default, Ex.2). This letter stated that Ms. Neu had enclosed her demands and would entertain settlement offers. Ms. Neu's letter further stated that if Mr. Jordan chose to proceed with the suit, he would have to file an Answer or Notice of Appearance. Ms. Neu expressly warned Mr. Jordan that she would seek a default judgment if he failed to respond by May 15, 2008.

In a letter dated May 15, 2008, Mr. Jordan replied to Ms. Neu: "I will appear and defend." (Pl.'s Aff. In Supp. of Mot. Entry of Default, Ex. 3). Mr. Jordan's letter states that he did not receive Ms. Neu's letter until May 12th, that he intends to seek a change of venue to North Carolina, and that he will be representing himself.[1]

Mr. Jordan has notice of the suit against him and notice of Ms. Neu's intent to seek a default judgment. Despite this notice, Mr. Jordan has not pled or otherwise defended in this suit to date. Thus, entry of default is appropriate under Rule 55(a), and the clerk is ordered to enter default against Defendant Online Marine.

## II.   DEFAULT JUDGMENT

Ms. Neu also requests that the clerk enter default judgment in the amount of $347,269.92. This amount is comprised of $44,457.92 in economic damages (medical expenses and wage losses to date); $27,611.80 in future medical and wage-loss expenses; $200 in legal costs; and $275,000 in non-economic damages.

A clerk must enter default judgment on motion by a plaintiff if: (1) the claim is for a sum certain or sum that can be made certain by computation; (2) the defendant has defaulted for not appearing; (3) the plaintiff's request is accompanied by an affidavit showing the amount due; and (4) the defendant is neither a minor nor incompetent. Fed. R. Civ. P. 55(b)(1). A claim is not a sum certain unless *no doubt* remains as to the amount to which a plaintiff is entitled. *Franchise Holding II, LLC v. Huntington Restaurants,* 375 F.3d 922, 928 (9th Cir. 2004).

---

[1] Unless Mr. Jordan is an attorney, he cannot represent Online Marine *pro se*. *U.S. v. Unimex Inc.,* 991 F.2d 546, 548 (9th Cir. 1992) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.")

ORDER
Page - 2

Neither the clerk nor the Court can enter default judgment for Ms. Neu because the damages sought are not a sum certain. A sum is certain when, for example, in *Franchise Holding II, LLC v. Huntington Restaurants*, 375 F.3d 922, 928 (9th Cir. 2004), loan documents provided precise calculations to fix the amount due after a borrower failed to make loan payments and then ignored the plaintiff's suit. In contrast, Ms. Neu claims $275,000 in non-economic damages with no explanation as to how she arrived at that number. Because the sum sought is not certain, default judgment is inappropriate.

### III.   ORDER

Because Defendant has not pled or otherwise responded to this suit, Plaintiff's Motion for Entry of Default [Dkt. #25] is **GRANTED**.   Because Plaintiff has not requested a "sum certain," her Motion for Entry of Default Judgment is **DENIED**.

Dated this 13th day of June, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE